UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

ENRIQUE TRIANA,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
SF-315H-20-0699-I-1

DATE: September 5, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Enrique Triana, Orange, California, pro se.

Timothy J. Kuhn, Esquire, Camp Pendleton, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. On petition for review, the appellant reasserts his arguments that the agency retaliated against him for protected whistleblowing activity and discriminated

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

against him on the basis of his age, race, and sex when it terminated him during his probationary period. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that, absent an otherwise appealable action, the Board lacks independent jurisdiction over the appellant's claim that the agency discriminated against him on the basis of his age, race, and sex, we AFFIRM the initial decision.

Because the appellant failed to make a nonfrivolous allegation that he was not serving a probationary period at the time of his termination or that he had any creditable prior Federal service amounting to 2 years of current continuous service, we agree with the administrative judge's conclusion that the appellant failed to nonfrivolously allege that he is an "employee" within the meaning of 5 U.S.C. § 7511(a)(1). Therefore, the appellant has no chapter 75 appeal rights before the Board.[2] With regard to the appellant's allegations of discrimination on

---

[2] A probationary employee who lacks chapter 75 appeal rights may have the right to appeal a termination to the Board on the limited grounds set forth in 5 C.F.R. § 315.806. *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). The administrative judge found, and we agree, that the appellant did not allege that he met any of the limited categories discussed in the regulations. Initial Appeal File (IAF), Tab 7, Initial Decision (ID) at 6. The appellant does not challenge this finding on review, and we find no reason to disturb it.

the basis of his race, age, and sex, absent an otherwise appealable action, the appellant's allegations of prohibited discrimination are not an independent source of Board jurisdiction. Petition for Review (PFR) File, Tab 2 at 9; 5 C.F.R. § 315.806(d) (explaining that the Board has jurisdiction over complaints of discrimination based upon protected classes including race, sex, and age in connection with a probationary termination only if "such discrimination is raised in addition to one of the issues stated in paragraph (b) or (c) of [that] section"); *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that absent an otherwise appealable action, the Board lacks jurisdiction over a claim of discrimination); *Burnett v. U.S. Postal Service*, 104 M.S.P.R. 308, ¶ 15 (2006) (holding that, because the appellant failed to establish jurisdiction over her appeal, she also failed to establish jurisdiction over her discrimination claim). Although these allegations were not specifically addressed in the initial decision, in the acknowledgement order, the administrative judge informed the appellant that, absent an otherwise appealable action, the Board lacked jurisdiction over such claims. Initial Appeal File, Tab 2 at 3. Accordingly, we modify the initial decision to make clear that the Board lacks independent jurisdiction over the appellant's allegation that the agency discriminated against him on the basis of his age, race, and sex. Consequently, we affirm the initial decision as modified.[3]

[3] On review, the appellant restates his allegation that he was subjected to reprisal for protected whistleblowing activity. PFR File, Tab 1 at 5. In the initial decision, the administrative judge identified the standard for establishing Board jurisdiction over an individual right of action (IRA) appeal, including the appellant's burden of proving exhaustion with the Office of Special Counsel (OSC), and concluded that, based on the appellant's assertion that he had filed his complaint with OSC three days prior to filing his Board appeal and that he had not yet received notice from OSC stating that it was terminating its investigation into his complaint, the appellant failed to nonfrivolously alleged Board jurisdiction over his claim as an IRA appeal. ID at 6-7; *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016) (explaining that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)). With his petition for review,

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

the appellant has not provided a copy of his OSC complaint, a close-out letter from OSC stating that it was terminating its investigation into his complaint, or any other evidence concerning the substance of his purported complaint with OSC. Additionally, in his petition for review (which is essentially a resubmitted initial appeal form filled in with new information), in the section of the appeal form inquiring whether the appellant filed a whistleblowing complaint with OSC, he has now checked the box identifying that he has not filed a complaint with OSC, even though he previously checked the box stating that he had filed a complaint with OSC and identified September 3, 2020 as his OSC complaint filing date in his initial appeal. *Compare* PFR File, Tab 1 at 4, *with* IAF, Tab 1 at 5. Thus, on the existing record, it is unclear whether the appellant ever filed a complaint with OSC. Consequently, we reiterate to the appellant that, if he has exhausted his administrative remedies with OSC regarding a potential IRA appeal and wishes to pursue an IRA appeal before the Board, he may wish to file a new Board appeal regarding that claim.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

    http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:             _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.